UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
GRACE ESTEPHAN, ADMINISTRATOR           :
OF THE ESTATE OF ANTOINE ESTEPHAN,      :   Case No.
                                        :
            Plaintiff,                  :
    -against-                           :
                                        :   January 6, 2026
LIFE INSURANCE COMPANY OF NORTH         :
AMERICA,                                :
                                        :
            Defendant.                  :
------------------------------------------------------------------- x

## NOTICE OF REMOVAL

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

**PLEASE TAKE NOTICE** that the Defendant, Life Insurance Company of North America ("Defendant," or, "LINA"), removes the above-entitled action filed by GRACE ESTEPHAN as the Administrator of the Estate of ANTOINE ESTEPHAN ("Plaintiff"), presently of record at Docket No. KNL-CV-26-6079812-S ("Removed Action") in the Connecticut Superior Court for the Judicial District of New London, to this Court pursuant to 28 U.S.C. § 1441.  In support of this removal, Defendant represents to the Court as follows:

1. On or about December 15, 2025, Connecticut State Marshal Scott M. Kraimer served Plaintiff's Summons and Complaint on "Josh Hershman, Insurance Commissioner, State of Connecticut" ("Insurance Commissioner") as the statutory "Agent for Service" for Defendant. A true and correct copy of Plaintiff's Summons and Complaint is attached as **Exhibit A**.  A true and correct copy of the State Marshal's Return of Service is attached as **Exhibit B**.

2. On December 19, 2025, Plaintiff filed the Summons, Complaint, and Return of Service with the Connecticut Superior Court in the New London Judicial District.  A true and

correct copy of the State of Connecticut Judicial Branch's Superior Court E-Filing docket for Docket No. KNL-CV-26-6079812-S is attached as **Exhibit C**.

3. On December 18, 2025, Defendant received notification of this action from the Insurance Commissioner through delivery of the Summons and Complaint via U.S. Postal Service, tracking number 9214 8901 9403 8347 0043 74.

4. Defendant has not filed an answer or otherwise responded to the Complaint in the Connecticut Superior Court.  **Exhibits A and B** constitute the entire state court file as of the date of this Notice of Removal, including all pleadings, processes, motions, notices, orders and other papers served or filed in this matter.

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of receipt of the Summons and Complaint by Defendant.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days *after the receipt by the defendant*, through service or otherwise") (emphasis added).

6. This Notice of Removal is also timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of the filing of the action in the Connecticut Superior Court.  *Homer v. GMAC Mortg., LLC*, No. 3:10CV1937 JBA, 2011 WL 3859719, at *2 (D. Conn. Aug. 31, 2011). As Judge Arterton explained in *Homer*:

> Under the Connecticut Superior Court Rules, Plaintiff had thirty days from the return of service to file their Complaint with the Superior Court. Conn. R.Super. Ct. Civ. § 10–8 ("Commencing on the return day of the writ, summons and complaint in civil actions, pleadings ... shall first advance within thirty days from the return day."). Because of the permissible yet peculiar timing under this rule, [a] Complaint [is] not a "pleading setting forth the claim for relief upon which such action or proceeding is based" until Plaintiff file[] it with the Superior Court ..., as there [is] no action or proceeding until that date. In addition, although [the defendant] had a copy of the Complaint that Plaintiff eventually filed with the Superior Court, instituting their action, until that Complaint was filed, there would have been no action to remove. ... Because prior to [the date on which the

> Complaint was filed in Superior Court] there was no pleading setting forth a claim for relief and no civil action that could have been the subject of a notice of removal, [the defendant]'s period under 28 U.S.C. § 1446(b) for filing its notice of removal did not begin until that date [of filing].

*Homer*, 2011 WL 3859719, at *2. *See also, e.g.*, *Leverton v. Alliedsignal, Inc.,* 991 F. Supp. 481, 484 (E.D. Va. 1997) ("[F]or a document to be regarded as a pleading [under § 1446(b)] it must, at the very least, be filed with a court"); *Schneehagen v. Spangle*, 975 F. Supp. 973, 973–74 (S.D. Tex. 1997) (under 28 U.S.C. § 1446(b), "[u]ntil the state court action is filed, no action or proceeding yet exists.").

7. This Notice of Removal is also timely filed under 28 U.S.C. § 1446(c) because less than one year has elapsed since the commencement of the action.

8. Defendant removes this lawsuit to federal court based upon federal question jurisdiction.

## THIS ACTION IS REMOVABLE ON THE BASIS OF A FEDERAL QUESTION

9. Plaintiff seeks life insurance benefits under an accidental death insurance policy with Policy No. OK 980407 ("Policy"), under which the decedent, Antoine Estephan, allegedly was insured. Complaint, ¶¶ 1, 4, 7, 8. Plaintiff admits that the Policy insured benefits under an employee welfare benefit plan established and/or maintained by the decedent's employer. *Id*., ¶ 3–4 ("[P]laintiff's descendent [decedent] was an employee of Mashantucket Pequot Gaming Enterprise located in Mashantucket, CT and belonged to a union, UFCW…As part of his employment, decedent was offered, and he purchased a policy of life insurance known as Accidental Death and Dismemberment through the defendant. The relevant policy number is 0K980407.").

10. Policy OK 980407, which is attached as **Exhibit D**, was issued by LINA to the Trustee of the Group Insurance Trust for Employers in the Services Industry, and expressly

3

insures employee benefits afforded to "active, full-time and regular part-time Employees of the Employer[.]" The "Employer" includes Mashantucket Pequot Tribal Nation, Foxwoods Development Company LLC, Foxwoods Resort Casino, and Norwich Inn & Spa LLC.

11. The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), governs the Policy and Plaintiff's claims for benefits under the Policy.

12. Because Plaintiff seeks to recover employee benefits insured by the Policy, their claim "falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Supreme Court held in *Taylor* – in which a claimant sought to recover damages under state law for the termination of disability benefits – that: "this suit, though it purports to raise only state law claims, is necessarily federal in character[.] … It, therefore, 'arise[s] under the … laws … of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)." 481 U.S. at 67. *See also Midpoint Service Provider, Inc. v. Cigna*, 256 F.3d 81, 83 (2d Cir. 2001) ("when a claim asserted in state court is preempted by the civil enforcement provisions of ERISA, removal is allowed on the basis of federal question jurisdiction"); *Johnson v. First Unum Life Ins. Co.*, 914 F. Supp. 51 (S.D.N.Y. 1996) ("ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a sufficient basis for removal [*citing Taylor*]").

13. Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district court has original jurisdiction founded on a claim or right arising under the laws of the United States shall be removable without regard to the citizenship of the parties.

14. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. §§ 100(2), 1441(a).

15. Defendant reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

16. By filing this Notice of Removal, Defendant does not waive its right to object to service, service of process, the sufficiency of process, venue or jurisdiction, and reserves the right to assert any claims, defenses and/or objections to which it may be entitled.

17. Accordingly, and as Plaintiff's claim in the Removed Action arises under the laws of the United States, this Court has original jurisdiction over the Removed Action pursuant to 28 U.S.C. § 1331, and it is an action which may be removed to this Court pursuant to 28 U.S.C. § 1441.

18. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and will be filed with the Clerk of the Connecticut Superior Court for the Judicial District of New London following the filing of this Notice, together with a Notice of Filing of Notice of Removal.

WHEREFORE, Defendant Life Insurance Company of North America, by its attorneys, respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Connecticut Superior Court for the

Judicial District of New London to the United States District Court for the District of Connecticut.

Dated:  Stamford, Connecticut
         January 6, 2026

                                    ROBINSON & COLE LLP

                                    /s/ *Patrick W. Begos*
                                    Patrick W. Begos
                                    1055 Washington Boulevard
                                    Stamford, CT 06902
                                    Tel. No. (203) 462-7572
                                    Fax No. (203) 462-7599
                                    Email:  pbegos@rc.com

                                    *Attorneys for Life Insurance Company of North America*